**AMERICAN POSTAL WORKERS UNION, DALLAS, TEXAS AREA LOCAL**

v.

**UNITED STATES POSTAL SERVICE, James V. Lusby, Dallas Postmaster.**

**No. CA 3–75–0498–C.**

United States District Court, N. D. Texas, Dallas Division.

June 26, 1975.

Roger Turner, Dallas, Tex., for plaintiff.

Frank D. McCown, U. S. Atty., Wm. F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., John R. McGill, Regional Labor Counsel U. S. Postal Service, Memphis, Tenn., for defendant.

*OPINION*

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff, the American Postal Workers Union, Dallas, Texas, Area Local, (Union) filed this suit against the United States Postal Service (Postal Service) and James V. Lusby, the Dallas Postmaster, alleging the latter's breach of the discipline procedures of a collective-bargaining agreement. More particularly, the Union contended that the defendants had taken disciplinary actions, which did not comply with the discipline procedures outlined by Article XVI of the agreement. The plaintiff prayed that the court enjoin the defendants from disciplining its member-employees in contravention with Article XVI and grant declaratory relief finding that the defendants had violated the collective-bargaining agreement. The plaintiff asserted jurisdiction for this cause pursuant to 39 U.S.C. § 1208, 29 U.S.C. § 185, and 28 U.S.C. § 1339.

On July 20, 1973, the Postal Service and several national labor organizations, including the American Postal Workers Union, AFL–CIO, the plaintiff's parent organization, entered into a two-year collective-bargaining agreement. Article XV of this agreement promulgated grievance-arbitration procedures which were to be used by the parties for resolving employment-related disputes. Section 1 of Article XV provides specifically that disputes involving "the interpretation, application of, or compliance with the provisions of [the] agreement" are grievances to be resolved by the machinery prescribed by Article XV.

After a hearing on the plaintiff's application for a preliminary injunction and the defendants' motion to dismiss, the court has concluded that it lacks the necessary jurisdiction to entertain this action since the plaintiff has failed to exhaust the grievance-arbitration provisions of the national agreement with respect to the alleged violations of said contract.

As enunciated by the United States Supreme Court in *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), and the *Steelworkers* triology,[1] it is the fed-

1. *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

eral policy to favor arbitration of labor disputes. In furtherance of this policy the Supreme Court held that the grievance-arbitration procedures of a collective-bargaining agreement must be exhausted before an employee may file suit to enforce contractual rights. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965).[2]

The issue presented to the court in the instant case is one involving "the interpretation, application of, or compliance with the provisions" of the collective-bargaining agreement, and, as such, it is to be resolved by the grievance-arbitration apparatus contained within the agreement. This court's potential jurisdiction as to this dispute lies *only* when the grievance-arbitration procedures have been exhausted. Such procedures have yet to be exhausted and therefore the court finds itself compelled to dismiss the plaintiff's action for lack of jurisdiction.

The United States Attorney is requested to prepare and submit appropriate order.

---

2.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 46, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1973); *Andrews v. Louisville & Nashville R. Co.*, 406 U.S. 320, 323, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1971); *Glover v. St. Louis-San Francisco R. Co.*, 393 U.S. 324, 329, 89 S.Ct. 548, 21 L.Ed.2d 519 (1968); *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966); *Boone v. Armstrong Cork Co.*, 384 F.2d 285, 288 (5th Cir. 1967).